2  189
141s 621

## CITY OF CHICAGO

### v.

## THE VULCAN IRON WORKS.

1. JURISDICTION OF SUPREME COURT — ORIGINAL AND APPELLATE.— The Constitution declares that the Supreme Court shall have original jurisdiction in cases relating to the revenue, in *mandamus*, and *habeas corpus*, and appellate jurisdiction in all other cases. It was not intended by this to confer upon the Supreme Court jurisdiction absolutely in all other cases, but only that in all other cases in which they should have it, the jurisdiction should be appellate.

2. CREATION OF APPELLATE COURTS—THEIR JURSIDICTION.—By the Constitution, the legislature were authorized to create inferior Appellate Courts, to which appeals and writs of error should lie, and in pursuance of this power such courts were established, with appellate jurisdiction from the final judgment of the Circuit or Superior Courts in any proceeding at law or in chancery, other than criminal cases, and cases involving a franchise or freehold, or the validity of a statute; and in these omitted cases it was by that Act provided that appeals and writs of error should lie from such final orders, judgments or decrees, directly to the Supreme Court. But section 67 of the amended Practice Act, and section 88, to which it refers, when construed together, confer upon the Appellate Courts jurisdiction in these omitted cases, except where the party appealing or prosecuting a writ of error, elects to go directly to the Supreme Court; and between the provisions of the two Acts there is no substantial conflict.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. JOSEPH F. BONFIELD, for appellant; contending that the land had been condemned by the city for a public street, and no appeal having been taken from the judgment confirming the assessment of damages, the appellee is barred from setting

up its title as against the city, cited Laws 1863, 82; City Charter, Chap. 7, § 15.

That the city enjoys only an easement over the land in controversy, for which an action of ejectment will not lie: I. B. & W. R. R. Co. v. Hartley, 67 Ill. 439; Gebhardt v. Reeves, 75 Ill. 301; Old Town v. Dooley, 81 Ill. 255; Washburn on Easements, 3; Gale on Easements, 6; Tyler on Ejectment, 41; Washburn on Easements, 693; Childs v. Chappell, 5 Selden, 246; Wilkin v. Lane, 37 Barb. 244; Caldwell v. Fulton, 31 Penn. 475; Clement v. Yungman, 40 Penn. 341; Camden, etc. R. R. Co. v. Stewart, 3 C. E. Green, 493.

Ejectment cannot be sustained against a municipal corporation, by showing that the *locus in quo* was in use as a public street: Cowenhoven v. Brooklyn, 38 Barb. 9; Cartelyon v. Van Brundt, 2 Johns. 357; Sidney v. Earle, 12 Wend. 98.

therein: Lumbard v. Abbey, 73 Ill. 177; Munn v. Burgess,

Appellee took the land with notice of all appellant's rights 70 Ill. 604; McConnell v. Reed, 4 Scam. 117.

Where notice of proceedings to open streets is given by publication only, the law imputes notice, and want of actual notice is no ground of relief against such proceedings: Methodist Church v. Baltimore, 6 Gill. 391; State v. Jersey City, 4 Zab. 662; Dubuque v. Worten, 28 Iowa, 571.

The question whether appellant took possession of the premises *vi et armis,* cannot be raised in this form of action: Redfern v. Redfern, 38 Ill. 509; Dupuy v. Williams, 26 Cal. 309; Foster v. McDivit, 9 Watts, 341; L. B. & M. R. R. v. Winslow et al. 66 Ill. 219.

Mr. DAVID FALES and Mr. JOHN P. WILSON, for appellee; that it was not necessary for plaintiff to prove possession by the defendant, or demand for possession by the plaintiff, unless the same be denied by the defendant under proper plea, cited Rev. Stat. 1874, 445, §§ 21, 22; Harding v. Strong, 42 Ill. 148.

The failure to give notice of meeting to make assessment, or application for confirmation, was fatal, and the city council had no jurisdiction to make a condemnation: Rich v. City of

City of Chicago v. Vulcan Iron Works.

Chicago, 59 Ill. 286; Burton v. City of Chicago, 53 Ill. 87; Andrews v. City of Chicago, 57 Ill. 239; Brown v. City of Chicago, 62 Ill. 106; Marsh v. City of Chicago, 62 Ill. 115; Honore v. City of Chicago, 62 Ill. 305

PLEASANTS, J. This was an action of ejectment, and the judgment below was for the plaintiff who claimed in fee.

Having concluded to affirm it, we are not required to file a statement of our reasons; but since the jurisdiction of this court is questioned because a freehold is involved, and other classes of cases of like importance are in the same category, we deem the point of sufficient interest to justify the deliberate expression of our views upon it.

Section 2 of Art. VI. of the Constitution declares that "the Supreme Court shall have original jurisdiction in cases relating to the revenue, in *mandamus* and *habeas corpus,* and appellate jurisdiction in all other cases." R. S. 1877. p. 63.

By this it was not intended to confer upon the Supreme Court jurisdiction absolutely in all other cases, but only that in all other cases in which it should have jurisdiction, whether few or many or all, it should be appellate.

For section 11 of the same article declares that "after the year of our Lord 1874, inferior Appellate Courts, of uniform organization and jurisdiction, may be created in districts formed for that purpose, to which such appeals and writs of error as the General Assembly may provide, may be prosecuted from Circuit and other courts, and from which appeals and writs of error shall lie to the Supreme Court in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved, and in such other cases as may be provided by law." Id. p. 64.

Thus the legislature was expressly empowered to create these courts and confer upon them jurisdiction, on appeal or writ of error, without limit as to subject matter, and which might be final except in the four classes of cases specified.

In pursuance of this authority the General Assembly, by an act entitled "An Act to establish Appellate Courts," approved June 2, and in force July 1, 1877, did create them, and in § 8

declared that they should have jurisdiction " of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the Circuit Courts, or the Superior Court of Cook county, or from the city courts, in any suit or proceeding at law or in chancery other than criminal cases, and cases involving a franchise or freehold, or the validity of a statute;" and that in these omitted cases appeals and writs of error should lie from such final orders, judgments or decrees, " directly to the Supreme Court." Laws of Illinois, 1877, p. 71.

Here is a positive grant of jurisdiction to these courts, on appeal or writ of error, in all cases at law or in chancery other than the four classes previously mentioned. As to these it is not prohibited, but simply not given. So far as given the jurisdiction is exclusive in them, in the first instance, and by further provision of the same section is final, unless the amount in controversy or the judgment below is not less than one thousand dollars, exclusive of costs, or if less, the questions of law involved are, in their opinion, of such importance that they should be passed upon by the Supreme Court.

But as we have seen, even this large grant of jurisdiction did not exhaust the power of the legislature in that regard. It might still confer it in these omitted cases, or any of them, provided only that it should not be final; and such further grant, being purely additional, would not conflict with this section, in respect either to the subject of jurisdiction or to any substantial right of parties litigant, but at most only in respect to a matter of mere procedure, by repealing, to that extent, the provision in said section that in these cases appeals and writs of error should lie directly to the Supreme Court.

Accordingly, by another "Act to amend the Act entitled an Act in regard to Practice in Courts of Record," which was approved and went into force on the same days, respectively, with the Act to establish Appellate Courts, it was provided in § 1, that §§ 36 and 67 to 86, inclusive, of the act mentioned in the title, be amended so as to read, respectively, as therein set forth. Section 67, as so amended, reads as follows:

" Appeals from, and writs of error to, all Circuit Courts, the Superior Court of Cook county, and city courts, and from all

City of Chicago v. Vulcan Iron Works.

other courts from which such appeals and writs of error may be allowed by law, may be taken to the Appellate Courts from *all* final judgments, orders and decrees, *except as hereinafter stated:* Provided," etc.   Laws of Illinois, 1877, p. 149; and the only exceptions thereinafter stated are to be found in the additional § (88), quoted below.   The following amended sections, to 86, inclusive, adapt and apply to the Appellate Courts the provisions of the former act, prescribing the practice and proceedings on appeal to, or writ of error from, the Supreme Court.

Section 2, of said amendatory act (Id. p. 153), provides that " additional sections shall be added to said entitled act, to read as follows:

Section 87 (requiring a recital by the Appellate Courts in their final orders, in certain cases, of the facts as found by them).

" Section 88.   Appeals from, and writs of error to, Circuit Courts, and the Superior Court of Cook county, and city courts, in all criminal cases, and cases in which a franchise or freehold, or the validity of a statute is involved, shall be taken directly to the Supreme Court in case the party appealing or prosecuting such writ of error shall so elect, excepting in cases of chancery."

So, by section 67 of the amended Practice Act, and section 88 to which it refers, considered together, the legislature has expressly conferred upon these courts the additional jurisdiction of criminal cases and cases at law involving a franchise or freehold, or the validity of a statute, except where the party appealing or prosecuting the writ of error elects to go directly to the Supreme Court.

As we have already said, there is in this not even a seeming inconsistency with the jurisdiction section of the act to establish Appellate Courts, except as to a mere matter of procedure. We are, therefore, not to determine, as in a case of conflict, that one of these acts, so far as it purports to confer jurisdiction, is operative, and declare the other to be of no effect. And if there be no such ground for doubt, in the face of this express declaration, that it was the intention of the Legislature to confer the additional jurisdiction, to be exercised only by

consent of the party appealing or prosecuting the writ of error, we can have no difficulty on account of so unimportant a change, though amounting to a conflict, in respect to a mere matter of procedure which is necessary to its exercise.   For it is to be noticed that the proceeding by appeal or writ of error from the lower courts directly to the Supreme Court under the amended Practice Act remains as under the act to establish Appellate Courts.   By the former the right of appellant or plaintiff in error, as given by the latter, is wholly unimpaired; but in addition thereto there is given him the right to take first, if he sees fit, the judgment of another though intermediate tribunal.   So that the conflict between the two acts, if any, in respect even to the matter of procedure, in criminal cases, and cases at law involving a franchise or freehold, or the validity of a statute, touches only the appellee or defendant in error, and his right to the ultimate judgment of the Supreme Court is fully preserved.   But the conflict is seemingly greater in respect to "cases of chancery," which, by the exception in section 88 of the Practice Act are required, absolutely and without any option in either party, to go first, upon appeal or writ of error, to the Appellate Court, notwithstanding they may involve a franchise or freehold, or the validity of a statute.   And yet the Supreme Court has given full force and effect to this exception.   Much more, then, must we give force and effect to the provision in the same section relating to cases at law which involve the same interests and questions.

The intention of the Legislature is further manifested, and as it seems to us quite beyond doubt, by the additional sections 89 and 90 of the amended Practice Act.   By the former the Supreme Court is limited to the re-examination of questions of law only, on appeal from or writ of error to the Appellate Courts, in all cases, except these four classes, in respect to which its jurisdiction, being absolutely given by the Constitution, could not be so limited; and the latter provides that " in all criminal cases, and in all cases where a franchise or freehold, or the validity of a statute is involved, and in all other cases where the sum or value in controversy shall exceed one thousand dollars, exclusive of costs, which shall be heard in any

City of Chicago v. Vulcan Iron Works.

of the Appellate Courts, upon errors assigned, if," etc. (that is, if the order or judgment of the Appellate Court be a final order or judgment of said court), "any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error in the same manner as provided in sections sixty-seven (67) and seventy (70) of this act for appeals to said Appellate Court: *Provided*," etc.

The jurisdiction in question is thus actually conferred, both by expression and implication, in many different sections, so clear as to leave no room for doubt, and the power of the Legislature under the Constitution to confer it is equally express and clear.

We have already anticipated the only remaining question which had occurred to us on this subject, viz: whether these provisions conferring it, occurring in an act entitled " An Act to amend an Act entitled an Act in regard to practice in courts of Record," are valid under the rule of the Constitution set forth in § 13 of Art. IV., that " no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title."

The Constitution having established a court and given it the jurisdiction absolutely, and also empowered the legislature to establish another and confer upon it the same jurisdiction, subject to the revisory power of the former, and the legislature having created such court, we think that whether these cases shall go, on appeal or writ of error, first to it, or directly to the other, is a matter of procedure, and may properly be determined by an act whose title shows its subject to be the establishment and regulation of practice in courts of record.

We entertain no doubt of our jurisdiction of the case at bar, and as no error is perceived in the record, the judgment of the Circuit Court is affirmed.

                    Judgment affirmed.